**FILED**

FEB 21 2008

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

07-326

USA v Marc Muse

## STATEMENT OF OFFENSE

The parties in this cause, the United States of America and the defendant, Marc Muse, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty.

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance System which provides financial benefits to certain unemployed people. Claimants for these benefits must certify biweekly periods as to their continued unemployed status in order to be paid compensation. These certifications are made by the claimant on mail-in claim cards and require the claimant to provide his or her signature, attesting to the accuracy of the information. This program is administered by the U.S. Department of Labor, a federal agency and, for residents of the District of Columbia, the District of Columbia Department of Employment Services ("DOES"), 609 H Street, NE, Washington, D.C. 20002.

2. At all times relevant to this statement, the defendant, due to his employment by a District of Columbia employer, was eligible when unemployed during certain periods for Unemployment Insurance ("UI") payments.

3. From on or about December 2000 up until on or about May 2004, the defendant created a scheme to receive unemployment compensation to which he knew he was not entitled by making claims for benefits from the District of Columbia for unemployment compensation benefits when in fact he was employed and receiving compensation from his employer.

4. For example, the defendant made a claim for UI payments from DOES between the weeks ending between March 29, 2003 and April 19, 2003. However, during this period, the defendant was not unemployed; instead, he was employed and paid by his employer, Bon Appetit

Management Company. The defendant certified on claim cards that he did not perform work for each of the four periods on which he was making a claim. He then mailed those cards back to DOES through the U.S. Post Office, and cashed checks issued to him for those time periods. As a result, he received approximately $1,012 to which he was not entitled.

5. On another occasion, the defendant made a claim for unemployment insurance payments from DOES for the weeks ending between March 27, 2004 and May 15, 2004. Again, during this period, the defendant was not unemployed; instead, he was employed and paid by Bon Appetit Management Company. The defendant certified on claim cards that he did not perform work for each of the eight periods on which he was making a claim. He then mailed those cards back to DOES through the U.S. Post Office, and cashed checks issued to him for those time periods. As a result, he received approximately $2,072 to which he was not entitled.

6. The defendant subsequently admitted that he received approximately $18,000 in UI compensation to which he was not entitled.

_____
Timothy J. Kelly / by Opher Shweiki (AUSA)
Assistant United States Attorney

_____
~~Rita Bosworth, Esq.~~ Dani Jahn
Attorney for Defendant

_____
Marc Muse
Defendant

2-21-08
_____
Date

2/21/08
_____
Date